UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------
LEONARDO QUISHPE,

                Plaintiff,

-against-

URBAN ATELIER GROUP, L.L.C. and FORTIS DUMBO
ACQUISITION, LLC,

                Defendants.
---------------------------------------------

Case No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

### I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the violations of New York Labor Law and the negligence of defendants on April 27, 2021, in the County of Kings, State of New York.

### II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff LEONARDO QUISHPE was and still is a citizen and resident of Ecuador.

6. Defendant URBAN ATELIER GROUP, L.L.C., at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

7. Andrew D'Amico is a member of defendant URBAN ATELIER GROUP, L.L.C.

8. James Palace is a member of defendant URBAN ATELIER GROUP, L.L.C.

9. At all times herein mentioned, Andrew D'Amico was and still is a citizen of the County of New York, State of New York.

10. At all times herein mentioned, James Palace was and still is a citizen of the County of New York, State of New York.

11. Defendant FORTIS DUMBO ACQUISITION, LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of Kings and the State of New York.

12. Joel Kestenbaum is a member of defendant FORTIS DUMBO ACQUISITION, LLC.

13. At all times herein mentioned, Joel Kestenbaum was and still is a citizen of the County of New York, State of New York.

## IV. FACTUAL ALLEGATIONS

14. On April 27, 2021, plaintiff LEONARDO QUISHPE was performing certain construction work at the premises located at 60 Front Street, Brooklyn, NY, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State

Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

15. On April 27, 2021, plaintiff LEONARDO QUISHPE was employed by Manhattan Concrete, LLC.

16. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant FORTIS DUMBO ACQUISITION, LLC.

17. At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant URBAN ATELIER GROUP, L.L.C.

18. That at some point prior to April 27, 2021, defendant FORTIS DUMBO ACQUISITION, LLC, entered into an agreement with defendant URBAN ATELIER GROUP, L.L.C., wherein and whereby it was agreed, among other things, that defendant URBAN ATELIER GROUP, L.L.C. would perform construction work and provide labor services at the subject premises.

19. That on April 27, 2021, defendant URBAN ATELIER GROUP, L.L.C. was the general contractor working at the subject premises for defendant FORTIS DUMBO ACQUISITION, LLC.

20. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

21. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

22. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

23. That at some point prior to April 27, 2021, defendant URBAN ATELIER GROUP, L.L.C. entered into an agreement with Manhattan Concrete, LLC, wherein and whereby it was

agreed, among other things, that Manhattan Concrete, LLC would perform construction work and provide labor services at the subject premises.

24. That on April 27, 2021, Manhattan Concrete, LLC was the subcontractor working at the subject premises for defendant URBAN ATELIER GROUP, L.L.C.

25. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

26. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

27. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

28. That at some point prior to April 27, 2021, defendant FORTIS DUMBO ACQUISITION, LLC, entered into an agreement with Manhattan Concrete, LLC, wherein and whereby it was agreed, among other things, that Manhattan Concrete, LLC would perform construction work and provide labor services at the subject premises.

29. That on April 27, 2021, Manhattan Concrete, LLC. was a contractor working at the subject premises for defendant FORTIS DUMBO ACQUISITION, LLC.

30. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

31. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

32. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

33. That thereafter, and on or about April 27, 2021, defendant URBAN ATELIER GROUP, L.L.C. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant FORTIS DUMBO ACQUISITION, LLC.

34. That thereafter, and on or about April 27, 2021, Manhattan Concrete, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant FORTIS DUMBO ACQUISITION, LLC.

35. That thereafter, and on or about April 27, 2021, Manhattan Concrete, LLC was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant URBAN ATELIER GROUP, L.L.C.

36. That at all times herein mentioned, and or about April 27, 2021, plaintiff LEONARDO QUISHPE was actually engaged in the course of his employment as a construction laborer by Manhattan Concrete, LLC, which said contractor was engaged by defendant FORTIS DUMBO ACQUISITION, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant FORTIS DUMBO ACQUISITION, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

37. That at all times herein mentioned, and or about April 27, 2021, plaintiff LEONARDO QUISHPE was actually engaged in the course of his employment as a construction laborer by Manhattan Concrete, LLC, which said contractor was engaged by defendant URBAN ATELIER GROUP, L.L.C. and plaintiff was actually performing certain construction work, labor and

services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant URBAN ATELIER GROUP, L.L.C., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

38. That on or about April 27, 2021, and while plaintiff LEONARDO QUISHPE was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Manhattan Concrete, LLC, he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was caused to sustain grievous personal injuries.

39. That at all times herein mentioned, and on or about April 27, 2021, defendant FORTIS DUMBO ACQUISITION, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Manhattan Concrete, LLC., plaintiff's employer.

40. That at all times herein mentioned, and on or about April 27, 2021, defendant FORTIS DUMBO ACQUISITION, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Manhattan Concrete, LLC, plaintiff's employer.

41. That at all times herein mentioned, and on or about April 27, 2021, defendant URBAN ATELIER GROUP, L.L.C., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Manhattan Concrete, LLC, plaintiff's employer.

42. That at all times herein mentioned, and on or about April 27, 2021, defendant URBAN ATELIER GROUP, L.L.C., its agents, servants and/or employees breached their duty of general

supervision, direction and control of the work being performed at the subject premises by Manhattan Concrete, LLC, plaintiff's employer.

43. Defendant URBAN ATELIER GROUP, L.L.C. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff LEONARDO QUISHPE, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

44. Defendant URBAN ATELIER GROUP, L.L.C. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

45. Defendant URBAN ATELIER GROUP, L.L.C. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

46. Defendant URBAN ATELIER GROUP, L.L.C. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

47. Defendant URBAN ATELIER GROUP, L.L.C. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

48. Defendant URBAN ATELIER GROUP, L.L.C. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

49. Defendant FORTIS DUMBO ACQUISITION, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff LEONARDO QUISHPE, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

50. Defendant FORTIS DUMBO ACQUISITION, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

51. Defendant FORTIS DUMBO ACQUISITION, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

52. Defendant FORTIS DUMBO ACQUISITION, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

53. Defendant FORTIS DUMBO ACQUISITION, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

54. Defendant FORTIS DUMBO ACQUISITION, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

55. That on or about April 27, 2021, while working at the subject premises, plaintiff LEONARDO QUISHPE was caused to fall from an elevated height.

56. By reason of the foregoing, plaintiff LEONARDO QUISHPE was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff LEONARDO QUISHPE will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. **FIRST CAUSE OF ACTION**

57. The allegations of the preceding paragraphs are repeated here as if fully stated.

58. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

59. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. **SECOND CAUSE OF ACTION**

60. The allegations of the preceding paragraphs are repeated here as if fully stated.

61. On April 27, 2021, plaintiff LEONARDO QUISHPE was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

62. The work contracted for by the defendant URBAN ATELIER GROUP, L.L.C. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

63. The work contracted for by the defendant FORTIS DUMBO ACQUISITION, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

64. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

65. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

66. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

67. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
       May 14, 2021

_____
**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEONARDO QUISHPE,
                Plaintiff,

  -against-

URBAN ATELIER GROUP, L.L.C. and FORTIS DUMBO ACQUISITION, LLC,
                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT AND JURY DEMAND**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777