UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
LEONARDO QUISHPE,

                Plaintiff,

    -against-

URBAN ATELIER GROUP, LLC and
FORTIS DUMBO ACQUISITION,
LLC,

                Defendants.
-------------------------------------------------x
URBAN ATELIER GROUP, LLC and
FORTIS DUMBO ACQUISITION,
LLC,

             Third-Party Plaintiffs,

    -against-

MANHATTAN CONCRETE,

             Third-Party Defendant.
-------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**

Case No. 1:21-cv-02723-FB-RER

*Appearances:*
*For the Plaintiff*:
ANDREW M. LASKIN
Subin Associates, LLP
150 Broadway, 23rd Floor
New York, NY 10038

*For the Third-Party Defendant*:
DOUGLAS R. ROSENZWEIG
Fuchs Rosenzweig, PLLC
11 Broadway, Suite 570
New York, NY 10004

*For the Defendants*:
SCOTT M. SHAPIRO
Cullen & Dykman, LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004

JOHN A. RISI
Pillinger Miller Tarallo, LLP
555 Taxter Road, 5th Floor
Elmsford, NY 10523

**BLOCK, Senior District Judge:**

In this diversity tort action, Defendants Urban Atelier Group, LLC ("UAG") and Fortis Dumbo Acquisition, LLC ("FDA") (together, "Defendants") collectively move for summary judgment to dismiss Plaintiff Leonardo Quishpe's ("Plaintiff") claims under common-law negligence and New York Labor Law §§ 200, 241(6), and 240(1) for falling off a job-built ladder at a construction site. Defendants additionally move for summary judgment on their claims against Third-Party Defendant Manhattan Concrete for contractual indemnification, common-law indemnification, and contribution, and to dismiss Manhattan Concrete's counterclaims for common-law indemnification and contribution.

For the following reasons, Defendants' motion for summary judgment is granted in part and denied in part.

## I.   BACKGROUND

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and the supporting documentation. The facts are undisputed unless otherwise noted.

On April 27, 2021, construction worker Leonardo Quishpe fell off a temporary, wooden ladder while working on a construction site located at 30 Front Street, Brooklyn. Mr. Quishpe was employed by the subcontractor for the building

site, Manhattan Concrete.  Manhattan Concrete was contracted as a subcontractor for the site by the general contractor, UAG.  The construction site was owned by FDA.

The ladder that Plaintiff was working on was built by Manhattan Concrete; the parties dispute who had responsibility for maintaining it.  On the day of the accident, Plaintiff was instructed by his supervisor, Manhattan Concrete employee David Alvarado, to use the ladder to access a 10-foot-high landing on the sixth floor so that he could clean debris and building materials off of it.  Plaintiff used the ladder to access the landing, and then stood on the landing and threw the debris and building materials off the landing and on to the floor below.  The ladder was allegedly secured to the floor with a bolted, wooden cleat.  The top of the ladder was secured with a banding wire to connect it to the landing that Plaintiff was working on.  A picture of the ladder taken after the accident shows that the banding wire was attached only to the right-hand side rail of the ladder.

The parties do not dispute that Plaintiff's sole supervisor was Alvarado.  Alvarado was the only person who told Plaintiff what work to perform, and the only person who supervised Plaintiff in his work.  UAG employees did have the authority, however, to stop work and to correct any dangerous conditions at the job site.  Specifically, UAG had the authority to stop work on and remove any job-built

wooden ladders which were deemed to be unsafe.  According to the contract between UAG and Manhattan Concrete, UAG was obligated to make sure that the construction project was run safely and in accordance with proper safety practices. The parties do not dispute that UAG personnel walked the jobsite on a daily basis looking for potential safety hazards.  UAG never advised Manhattan Concrete that there were any issues with the job-built ladder involved in Plaintiff's accident.

Before work began on the construction site, Manhattan Concrete was required to provide UAG with a site-specific safety plan for work on the site.  Manhattan Concrete was also required to provide a schematic of the job-built wooden ladder. In the depiction of the ladder allegedly provided to UAG, the ladder appears to have no affixed handrails.

On the morning of the accident there was a safety meeting at the construction site.  Defendants allege that the attending workers were told about safety procedures for using the ladders, including the need to tie-off with a harness when working at any height above six feet.  According to Defendants, Manhattan Concrete provided Plaintiff with the proper fall protection equipment, including a safety harness, a yo-yo with a cable in it, a lanyard to hook the harness, and specific directions about where to tie-off to.  The Defendants additionally allege that Plaintiff had an available point to tie-off from his harness when he fell off the ladder.

4

Plaintiff disputes this account.  He alleges that he was never instructed about fall protection when working on ladders, that he provided his own safety harness, and that he was never told where to tie off his safety harness while working on the ladder.  Plaintiff additionally asserts that there was no anchor point to tie off his harness while he was working on the ladder, and that he never received any specific instructions about how to work safely on the ladder.

At the time of his accident, Plaintiff had already climbed up and down the ladder once or twice without any difficulty.  He had not inspected the ladder before using it, and he was not aware of how the ladder was secured.  When he fell off the ladder, Plaintiff was not utilizing his safety harness and he was not tied off.  A picture of the ladder taken after Plaintiff fell showed that the ladder had handrails affixed to the top of it.

According to Plaintiff, while he was 8 feet up the ladder, the ladder moved, causing him to lose his balance and fall, injuring himself.  Another worker provided a different account, alleging that Plaintiff was using a hammer to try and pry a support beam off the ladder when he fell.  According to that worker, Plaintiff had placed a hammer between a support and the ladder and was using the hammer's handle to pull the support off, which caused Plaintiff to fall.

5

Plaintiff filed suit against UAG and FDA, alleging both common-law negligence, and liability for statutory violations of New York Labor Law §§ 200, 241(6), and 240(1), and Industrial Code 12 NYCRR Part 23.  Defendants filed a third-party complaint against Manhattan Concrete, raising contractual indemnification, insurance coverage, common-law indemnification, and contribution and apportionment.  In their Answer, Manhattan Concrete counterclaimed for indemnification, and for contribution and apportionment.

## II.   DISCUSSION

### a.  Standard of Review

Summary judgement is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On a motion for summary judgment, the court must "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019) (citing *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)).

### b.  Labor Law § 200 and Common-Law Negligence

New York Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to

6

work.  *Chowdhury v. Rodriguez*, 867 N.Y.S.2d 123, 127-28 (2d Dep't 2008).

Accordingly, liability under the statute is governed by common-law negligence

principles.  *Id.* at 128.  Ladders fall under the scope of protection provided by § 200.

*Id.*

There are two types of Labor Law § 200 claims: "those where workers are

injured as a result of dangerous or defective premises conditions at a work site, and

those involving the manner in which the work is performed."  *See Ortega v. Puccia*,

866 N.Y.S.2d 323, 329 (2d Dep't 2008).  In cases involving a defective premises,

liability attaches when the owner or general contractor created the defective

condition or had actual or constructive knowledge of it.  *Chowdhury*, 867 N.Y.S.2d

at 128.  In cases involving the manner of work performed, liability attaches where

the owner or general contractor exercised some supervisory control over the

operation.  *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 505 (1993).

When a subcontractor fails to provide their employees with safe equipment,

or provides unsafe equipment, they have not thereby rendered the owner's premises

unsafe.  *See Ortega*, 866 N.Y.S.2d at 330 (citing *Persichilli v Triborough Bridge &*

*Tunnel Auth.*, 16 N.Y.2d 136, 145-46 (1965)).  The unsafe equipment should instead

be considered as a device involving the methods and means of the work.

7

Here, the parties do not dispute that Manhattan Concrete—the subcontractor and Plaintiff's employer—created and provided the ladder that Plaintiff fell from. Accordingly, because the subcontractor, and not the owner of the premises, provided Plaintiff with allegedly unsafe equipment, this case involves the manner of work performed, rather than a defective premises condition. *Ortega*, 866 N.Y.S.2d at 330 ("[W]hile a subcontractor must furnish safe ladders . . . to its employees, a subcontractor's failure to provide safe appliances does not render the 'premises' unsafe or defective." (citing *Persichilli*, 16 N.Y.2d at 145-46)).  Defendants will therefore be liable only if they supervised the injury-producing work.

No party disputes that neither FDA nor UAG had any supervisory control over either the injury-producing work or Plaintiff.  UAG's alleged right to "generally supervise the work, to stop the [sub]contractor's work if a safety violation is noted, or to ensure compliance with safety regulations does not amount to the supervision and control of the work site necessary to impose liability on an owner or general contractor pursuant to [NYLL] § 200." *See Lewis v. Lendlease (US) Constr. Lmb Inc.*, No. 18-CV-8662 (LJL), 2021 WL 5762419, at *13 (S.D.N.Y. Dec. 2, 2021) (citing *Dennis v. City of New York*, 758 N.Y.S.2d 661, 663 (2d Dep't 2003)); *see also Singh v. Black Diamonds LLC*, 805 N.Y.S.2d 58, 60 (1st Dep't 2005) (authority to conduct "regular walk-throughs . . . is insufficient to trigger liability [under §

8

200]"). Accordingly, Defendants are entitled to summary judgment on Plaintiff's § 200 claim. Because Plaintiff's common-law negligence claim is predicated on the same theory, it is also dismissed. *See Dunham v. Hilco Const. Co.*, 89 N.Y.2d 425, 429 (1996).

### c. Labor Law § 241(6)

New York Labor Law § 241(6) requires owners and contractors to "provide reasonable and adequate protection and safety" for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor. *Ross*, 81 N.Y.2d at 501-02. The duty imposed by § 241(6) is nondelegable, so a plaintiff does not need to show that the owner or general contractor exercised supervision or control over their worksite to establish liability. *Rizzuto v. L.A. Wenger Contracting Co.*, 91 N.Y.2d 343, 348-49 (1998) (recognizing that § 241(6) "imposes liability upon a general contractor [and owner] for the negligence of a subcontractor, even in the absence of control or supervision of the worksite") (emphasis omitted).

To establish liability under § 241(6), a plaintiff must specifically plead and prove the violation of an applicable Industrial Code regulation. *Buckley v. Columbia Grammar & Preparatory*, 841 N.Y.S.2d 249, 256 (1st Dep't 2007) (citing *Ross*, 81 N.Y.2d at 502). The applicable Industrial Code regulation must constitute a specific,

9

positive command, and not one that merely reiterates the common law standard of negligence.  *Id.*  The regulation must also be applicable to the facts, and its violation must be the proximate cause of a plaintiff's injury.  *Id.*

Here, Plaintiff invokes violation of Industrial Code §§ 23-1.21(a), 23-1.21(b)(3), 23-1.21(b)(4)(i), and 23-1.21(b)(4)(iv).[1]  The Court shall address each provision in turn.

§ 23-1.21(a) requires that any ladder not named or described under the statutory section must be "approved."  Plaintiff argues that the handrails allegedly affixed to the wooden ladder that were not included in the original schematic presented to UAG needed to be approved pursuant to § 23-1.21(a).  But this general-approval requirement "is not sufficiently specific to support a Labor Law § 241(6) cause of action."  *Sochan v. Mueller*, 78 N.Y.S.3d 608, 612 (4th Dep't 2018); *see also Ross*, 81 N.Y.2d at 501-05.  Accordingly, Defendants are entitled to summary judgment on this claim.

§ 23-1.21(b)(3) requires that all ladders "shall be maintained in good condition" and may not be used if they have "any flaw or defect of material that may

---

[1] Plaintiff identifies the specific Industrial Code provisions allegedly violated for the first time in his opposition to Defendants' motion for summary judgment.  This belated identification is not fatal because it is not based on new factual allegations, raises no new theories of liability, and causes no prejudice to Defendants.  *See Kowalik v. Lipschutz*, 917 N.Y.S.2d 251, 252-53 (2d Dep't 2011).

cause ladder failure."   § 23-1.21(b)(3)(iv).   Plaintiff argues that the ladder was defective because it was not properly secured to the concrete landing that Plaintiff was working on.   But this speaks to the installation and use of the ladder, not to a defect in the ladder itself.   Because no party has alleged a defect specific to the ladder, Defendants are entitled to summary judgment on this claim.

§ 23-1.21(b)(4) addresses the installation and use of ladders.   Here, Plaintiff has raised claims under both § 23-1.21(b)(4)(i) and § 23-1.21(b)(4)(iv).   § 23-1.21(b)(4)(i) requires that ladders used "as a regular means of access between floors or other levels . . . shall be nailed or otherwise securely fastened in place." Defendants and Manhattan Concrete both argue that summary judgment is appropriate because no party disputes that the ladder was adequately secured by the nailed cleat and the strap around the right-hand side rail.   But it is unclear from the current facts, with all inferences drawn in favor of the non-movant, whether the single banding wire on one side of the ladder was enough to safely secure it against moving from side to side.   Accordingly, summary judgment is inappropriate on this claim.

§ 23-1.21(b)(4)(iv) requires that, where work is being performed on a ladder between six and ten feet above the floor, the ladder must be "held in place by a person . . . unless the upper end of [the] ladder is secured."   But Plaintiff himself

11

admitted that he was not working while he was on the ladder.  Ex. G. at 114:3-8.  He was using it only as a means of accessing a landing so that he could clean materials off the landing.  *Arigo v. Spencer*, 834 N.Y.S.2d 805, 807-08 (4th Dep't 2007) (finding that plaintiff was not working on a ladder when he used the ladder to climb onto a roof and work from the roof).  Accordingly, Defendants are entitled to summary judgment on this claim.

In sum, Defendants are granted summary judgment on Plaintiff's Labor Law § 241(6) claims under Industrial Code §§ 23-1.21(a), 23-1.21(b)(3), and 23-1.21(b)(4)(iv).  Defendants are denied summary judgment on Plaintiff's § 241(6) claim under Industrial Code § 23-1.21(b)(4)(i).

### d.  Labor Law § 240(1)

New York Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites.  *Von Hegel v. Brixmor Sunshine Square, LLC*, 115 N.Y.S.3d 712, 713 (2d Dep't 2020).  To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries.  *See Blake v. Neighborhood Hous. Servs. of N.Y. City*, 1 N.Y.3d 280, 287 (2003).  Where there is no statutory violation, or where a plaintiff is the sole

proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1). *Von Hegel*, 115 N.Y.S.3d at 713. Alternatively, "[w]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense." *Id.*

Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials. *Id.* at 729. Specifically, with regard to accidents involving ladders, "liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries." *Id.* When a "plaintiff [is] provided only with an unsecured ladder and no safety devices, [he] cannot be held solely at fault for his injuries." *Id.* at 714.

Here, Plaintiff claims that the ladder moved, causing him to fall. Likewise, he asserts that the single banding around the right-hand side rail of the ladder was inadequate to safely secure it to the concrete platform. Plaintiff might have been safe with proper fall protection equipment, but he has asserted that: (i) he provided his own equipment; (ii) he was never instructed on how to use safety equipment while working on a ladder; and (iii) there was no place for him to tie-off his safety harness to at the time of his accident. These material factual disputes are best

resolved at trial. *See, e.g.*, *Rivera v. Suydam*, 189 N.Y.S.3d 126, 127-28 (1st Dep't 2023) (recognizing triable issue of fact on utilizing fall protection equipment and tie-off points for safety harness). Accordingly, Defendants' motion for summary judgment on Plaintiff's § 240(1) claim is denied.

### e. UAG & FDA's Claim for Contractual Indemnification

The right to contractual indemnification depends upon the specific language of the contract. *Mejia v. Cohn*, 136 N.Y.S.3d 480, 484-85 (2d Dep't 2020). Under New York law, a party cannot receive contractual indemnification from its own negligence. *Davies v. Simon Prop. Grp., Inc.*, 107 N.Y.S.3d 341, 347 (2d Dep't 2019). Thus, "a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor." *Id.*

This bar to indemnification does not apply to parties who have liability under § 240(1), because such a finding of liability is not equivalent to a finding of negligence. *Brown v. Two Exch. Plaza Partners*, 76 N.Y.2d 172, 178-79 (1990). Accordingly, "[w]hen liability attaches solely pursuant to Labor Law § 240(1), indemnification may be sought from the party actually responsible for the supervision, direction, and control of the work giving rise to the injury." *Lewis v. Lendlease (US) Constr. LMB Inc.*, No. 18-CV-8662 (LJL), 2022 WL 1304801, at *5

14

(S.D.N.Y. May 2, 2022) (citing *Cava Const. Co. v. Gealtec Remodeling Corp.*, 871

N.Y.S.2d 654, 656 (2d Dep't 2009)).

> Here, the indemnity provision of Manhattan Concrete's contract is broad:
>
> To the fullest extent permitted by law and to the extent not caused in whole or in part by the negligence of a party to be indemnified herein, the Subcontractor shall indemnify, defend, save and hold harmless, UAG, the Owner . . . from and against any and all claims, suits . . . damages . . . which may be imposed upon or incurred by or asserted against Indemnitees arising out of or related to . . . the Work . . . including claims attributable to bodily injury.

Ex. K at UAG/FDA_0247.  The specific terms of this contractual provision plainly

apply to the circumstances at issue here.

Manhattan Concrete argues that contractual indemnification is precluded by

General Obligations Law § 5–322.1, which prohibits the enforcement of an

indemnification provision in favor of a party whose own negligence contributed to

a plaintiff's injuries.   But the negligence claims against Defendant have been

dismissed, thereby mooting Manhattan Concrete's argument.   Accordingly, UAG

and FDA are entitled to summary judgment on their claim for contractual indemnity

against Manhattan Concrete.

### f.  UAG and FDA's Claims for Common-Law Indemnification and Contribution

Regarding UAG and FDA's claims for contribution and common-law

indemnification against Manhattan Concrete, pursuant to Workers' Compensation

15

Law § 11, an employer may only be held liable for contribution or [common-law] indemnification if the employee has sustained a grave injury." *Lewis*, No. 18-CV-8662 (LJL), 2022 WL 1304801, at *7 (citing *Blackburn v. Wysong & Miles Co.*, 783 N.Y.S.2d 609, 610 (2d Dep't 2004). Here, there is no allegation that Plaintiff suffered a "grave" injury under the statute. Accordingly, Defendants' motion for summary judgment on these claims is denied.

### g. Manhattan Concrete's Counterclaims for Common-Law Indemnification and Contribution

In its Answer to the Third-Party Complaint, Manhattan Concrete raised two counterclaims against Defendants. First, for common-law indemnification "in the event that there is a verdict or judgment in favor of the plaintiff against answering Third-Party Defendant." Answer to Third-Party Compl. ¶ 50. Second, for contribution and apportionment if "Third-Party Defendant is liable to the plaintiff." *Id.* at ¶ 51. As Plaintiff has asserted no claims against Manhattan Concrete, these counterclaims are mooted.

Regardless, Manhattan Concrete's counterclaim for indemnification fails because it cannot now prove that "the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident." *Correia v. Pro. Data Mgmt., Inc.*, 693 N.Y.S.2d 596, 600 (2d Dep't 1999). Manhattan Concrete's counterclaim for contribution is also without merit due to the governing contractual

16

indemnity provision. *See Williams v. D. A. H. Const. Corp.*, 346 N.Y.S.2d 862, 863 (2d Dep't 1973) (explaining that the common-law contribution rule was never intended to apply where the parties "sought to be bound by an indemnity contract"). For these reasons, Manhattan Concrete's counterclaims are dismissed.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted on Plaintiff's claims under New York Labor Law § 200 and on Plaintiff's claim under common-law negligence; accordingly, those claims are dismissed. Defendants' motion for summary judgment on Plaintiff's claims under New York Labor Law § 241(6) is granted on Plaintiff's claims under Industrial Code §§ 23-1.21(a), 23-1.21(b)(3), and 23-1.21(b)(4)(iv), and denied on Plaintiff's claim under Industrial Code § 23-1.21(b)(4)(i); accordingly, Plaintiff's Labor Law § 241(6) claim under Industrial Code § 23-1.21(b)(4)(i) will proceed to trial.  Defendants' motion for summary judgment on Plaintiff's claim under New York Labor Law § 240(1) is denied, and that claim will proceed to trial.  Consequently, trial will be held to determine whether the ladder Plaintiff fell from was adequately secured, whether his safety equipment was adequate, whether he was properly instructed on fall protection, and whether he could have tied-off his harness when he fell off the ladder.

17

With respect to the third-party claims, Defendants' motion for summary judgment is granted on their claim for contractual indemnification but denied on their claims for common-law indemnification and contribution. Defendants' motion for summary judgment on Third-Party Defendant Manhattan Concrete's counterclaims for common-law indemnification and contribution is granted; accordingly, Manhattan Concrete's counterclaims are dismissed. Consequently, if Defendants are found liable on Plaintiff's claims, Manhattan Concrete shall indemnify Defendants under the terms of their agreement.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 31, 2023

18